UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　Plaintiff,<br><br>　　　　　v.<br><br>DANA SEALING MANUFACTURING, LLC,<br><br>　　　Defendant. | CIVIL ACTION NO.<br><br><u>COMPLAINT</u><br><br>JURY TRIAL DEMAND |

## **NATURE OF THE ACTION**

This is an action under Title II of the Genetic Information Non-Discrimination Act of 2008, 42 U.S.C. § 2000ff *et seq.* ("GINA"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of genetic information, and to provide appropriate relief to a class of aggrieved individuals adversely affected by such practices. As alleged with more particularity below, Dana Sealing Manufacturing, LLC ("Dana Sealing"), violated GINA by requesting that applicants provide family medical history information as part of the pre-employment physical examination process.

## **JURISDICTION AND VENUE**

1.　　This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized by Section 207(a) of GINA, 42 U.S.C. § 2000ff-6(a), which incorporates by reference Section 706(f)(1) and (3) of the Title VII of the Civil Rights

Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, and 42 U.S.C. § 1981a.

2.      This Court is a proper venue for this action pursuant to 42 U.S.C. § 2000e-5(f)(1) and (3) because these unlawful employment practices were committed within the United States District Court for the Eastern District of Kentucky, Lexington Division.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission ("EEOC" or "the Commission"), is the United States agency charged with the administration, interpretation, and enforcement of Title II of GINA and is expressly authorized to bring this action by Section 207(a) of GINA, 42 U.S.C. § 2000ff-6(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4.      At all relevant times, Defendant Dana Sealing Manufacturing, LLC ("Dana Sealing"), has been doing business in Danville, Kentucky, and has continuously had at least 15 employees.

5.      At all relevant times, Dana Sealing has continuously been an employer engaged in an industry affecting commerce under Section 201(2)(B)(i) of GINA, 42 U.S.C. § 2000ff(2)(B)(i), which incorporates by reference Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

6.      More than thirty days prior to the institution of this lawsuit, EEOC Commissioner Kalpana Kotagal filed a charge with the Commission alleging that Dana Sealing violated GINA.

7.     On December 9, 2025, the EEOC issued a Letter of Determination to Dana Sealing after finding reasonable cause to believe Dana Sealing violated GINA as to a class of aggrieved individuals.

8.     The EEOC provided Dana Sealing with the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9.     The Commission and Dana Sealing were unable to secure a conciliation agreement acceptable to the Commission.

10.     On February 19, 2026, the Commission issued Dana Sealing a Notice of Failure of Conciliation.

11.     All conditions precedent to the institution of this lawsuit have been met.

**STATEMENT OF CLAIMS**

**Unlawful Acquisition of Genetic Information in Violation of GINA**

12.     From at least 2022, through mid-2024, Dana Sealing engaged in unlawful employment practices at its Danville, Kentucky location in violation of Title II of GINA, 42 U.S.C. § 2000ff-1(b).

   a.  As part of Dana Sealing's application process, Dana Sealing required applicants to complete a pre-employment physical examination.

   b.  The examination took place at Ephraim McDowell Health.

   c.  Dana Sealing required applicants to provide a "Pre-Employment Health History and Physical Examination" form (the "Form") to Ephraim McDowell Health as part of the pre-employment medical examination.

   d.  The Form included a section requiring applicants to disclose whether any immediate relative (father, mother, brother, sister, or grandparent) ever had tuberculosis,

cancer, heart trouble, asthma, high blood pressure, stroke, diabetes, epilepsy, a mental illness, or any "other" medical condition.

e.  Exhibit A is a true and accurate copy of the Form.

f.  Ephraim McDowell Health did not create the Form.

g.  Dana Sealing's request for genetic information was not inadvertent.

h.  Dana Sealing's request for genetic information was not made as part of health or genetic services offered by the employer, including services offered as part of a wellness program.

i.  Dana Sealing's applicants did not provide a knowing, voluntary, and written authorization for the acquisition of their genetic information related to health or genetic services offered by Dana Sealing.

j.  In mid-2024, Dana Sealing amended the Form and removed the section that solicited family medical history.

k.  The amended Form, for the first time, instructed Ephraim McDowell Health not to provide Dana Sealing with any genetic information the applicant may have shared during the pre-employment physical examination.

13.  The unlawful employment practices complained of in paragraph 12 were intentional.

14.  The unlawful employment practices complained of in paragraph 12 were done with reckless indifference to the federally protected rights of the class of aggrieved individuals.

15.  The effect of the practices complained of in paragraph 12 above has been to harm a class of job applicants through the acquisition of their genetic information, deprive them of equal employment opportunities, and/or otherwise adversely affect their status as applicants for employment, because of their genetic information.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from unlawfully requesting genetic information from its employees and applicants.

B. Order Defendant to make the class of aggrieved individuals whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in Paragraph 12 above, including emotional pain, suffering, humiliation, embarrassment, inconvenience, and loss of enjoyment of life, in amounts to be determined at trial.

C. Order Defendant to pay the class of aggrieved individuals punitive damages for its malicious and reckless conduct, as described in Paragraph 12 above, in amounts to be determined at trial.

D. Grant such further relief as the Court deems necessary and proper in the public interest.

E. Award the Commission its costs for this action.

## JURY TRIAL DEMAND

The Commission respectfully requests a trial by jury on all questions of fact raised by its Complaint.

Respectfully submitted,

CATHERINE L. ESCHBACH
Acting General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street, NE
Washington, D.C. 20507

/s/ Kenneth L. Bird
Kenneth L. Bird, Atty. No. 10780-02
Regional Attorney

/s/ Aimee L. McFerren
Aimee L. McFerren, Atty. No. 89912
Assistant Regional Attorney

/s/ Brandon Skates
Brandon Skates, Atty. No. 30433-49
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
115 West Washington Street
South Tower Suite 600
Indianapolis, IN 46204
Phone: (463) 999-1138
Email: Brandon.Skates@eeoc.gov